IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEIRDRE LEANE AND IPNAV, LLC**, | § § § | |
| Plaintiffs, | § | Civil Action No. 3:20-cv-03097-B |
| v. | § § | |
| **UNIFIEDONLINE, INC and CHANBOND, LLC,** | § § § § | |
| Defendants. | | |

**EMERGENCY MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

Plaintiffs Deirdre Leane ("Leane") and IPNAV, LLC ("IPNav") (collectively, "Plaintiffs") hereby file this *Emergency Motion to Extend Temporary Restraining Order*, as follows:

**I.
GROUNDS FOR MOTION**

On September 29, 2020, Plaintiffs commenced this action by filing an *Original Verified Petition and Ex-Parte Application for Temporary Restraining Order and Injunctive Relief in Aid of Arbitration*, App. 3-87, in the 298th Dallas County District Court, seeking a temporary restraining order and preliminary injunction to preserve the status quo pending Plaintiffs' arbitration against Defendants ("Verified Petition").[1]

On September 29, 2020, the Court entered the "TRO Order." App. 88-92. To obtain the writ for issuance of the TRO Order, Plaintiffs paid the bond on September 30, 2020. App. 93.

Because the underlying dispute is subject to arbitration, Plaintiffs filed their Arbitration Demand on September 30, 2020 ("Arbitration Demand"). App. 94-163.

---

[1] Plaintiffs' *Brief in Support of Emergency Motion to Extend Temporary Restraining Order* and *Appendix in Support of Emergency Motion to Extend Temporary Restraining Order* are filed concurrently herewith.

**EMERGENCY MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**     PAGE 1

In the TRO Order, Judge Emily Tobolowsky scheduled a 9:00 a.m. hearing on October 12, 2020 to address Plaintiffs' request for a preliminary injunction.  App. 91.

Plaintiffs duly served Defendants with the Verified Petition and TRO Order. Plaintiffs were diligently preparing for the preliminary injunction hearing when Defendants filed their notice of removal after the close of business on Friday, October 9, 2020.

Pursuant to 28 U.S.C. § 1450 and case law interpreting the same, a temporary restraining order issued by a state court prior to removal is treated, upon removal, as though it were entered by the District Court in the first instance. Both Texas state law and the Federal Rules of Civil Procedure provide that temporary restraining orders automatically expire after 14 days unless extended, see F.R.C.P. 65(b) and Tex. R. Civ. P. 680. The TRO issued by the 298th District Court will expire 14 days after its issuance.

As the TRO issued on Wednesday, September 30, 2020, it will expire at 12:00 a.m. on Thursday, October 15. *See* F.R.C.P. 6(a)(1)(A) (day of issuance not counted) and Tex. R. Civ. P. 500.5(a)(1) (same).

Good cause exists under Rule 65(b) to justify extending the TRO based on the timing of the removal.  Plaintiffs request that the Court grant the requested extension and set an expedited schedule for the preliminary injunction hearing as directed by Rule 65(b)(3).

**II**.

## REQUEST FOR RELIEF

As shown above, Plaintiffs request an extension of the Temporary Restraining Order for up to fourteen (14) days and a date set for the hearing on the application for injunctive relief.

Respectfully submitted,

By: */s/ J. Sean Lemoine*
J. Sean Lemoine
Texas State Bar No. 24027443
sean.lemoine@wickphillips.com
Alexander Morovitz
Texas State Bar No. 24104603
alec.morovitz@wickphillips.com
**WICK PHILLIPS, LLP**
3131 McKinney Ave., Suite 100
Dallas, Texas 75204
Telephone: 214-692-6200
Facsimile: 214-692-6255

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served on all counsel of record, via electronic filing, pursuant to the Texas Rules of Civil Procedure on October 12, 2020.

*/s/ J. Sean Lemoine*
J. Sean Lemoine

## CERTIFICATE OF CONFERENCE

I certify that on October 12, 2020, I requested that Defendants counsel agree to an extension of the temporary restraining order until such time as the Court can schedule a hearing for a preliminary injunction. Defendants' lead counsel, Leon Carter, responded on October 12, 2020 that Defendants are opposed.

*/s/ J. Sean Lemoine*
J. Sean Lemoine