UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEIRDRE LEANE and IPNAV, LLC, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-3097-B |
| CHANBOND, LLC and UNIFIEDONLINE, INC, | § § § | |
| Defendants. | § § | |

## ORDER

The Court enters this order to extend the state court's temporary restraining order ("TRO") and set an expedited briefing schedule for Plaintiffs' Emergency Motion to Extend Temporary Restraining Order (Doc. 3), filed October 12, 2020.

Plaintiffs filed their Motion after Defendants removed this case to federal court. Plaintiffs request an extension of a TRO entered in state court against Defendants on September 29, 2019, to give this Court time to schedule and conduct a preliminary injunction hearing. Doc. 3, Pls.' Mot., 2. Plaintiffs initially filed this action in state court on September 29, 2020, seeking to compel Defendants to arbitrate a dispute involving the settlement of certain patent litigation pending in the District of Delaware. Doc. 1, Notice of Removal, 24–28 (Pet., 9–13). The state court entered a TRO *ex parte* approximately two hours after Plaintiffs filed suit. *Id.* at 107–11 (TRO, 1–5). By the same order, the state court set a preliminary injunction hearing for the morning of October 12, 2020. *Id.* at 111 (TRO, 5).

Plaintiffs assert that they were "diligently preparing for the preliminary injunction hearing"

when Defendants filed their notice of removal (Doc. 1) after the close of business on Friday, October 9, 2020. Doc. 3, Pls.' Mot., 2. Plaintiffs filed their Motion the following Monday. Based on 28 U.S.C. § 1450 and the Supreme Court's opinion in *Granny Goose Foods, Incorporated v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423 (1974), Plaintiffs contend that good cause exists for the Court to extend the state court's TRO to prevent it from expiring by its own terms on October 15, 2020. Doc. 4, Pls.' Brief in Support, 4–6.

Section 1450 establishes that "[a]ll injunctions, orders, and other proceedings had in [an] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." Upon removal to federal court, a state court's TRO is "transformed by operation of 28 U.S.C. § 1450 into [an] order[] of the federal district court to which the action is removed. The district court is thereupon free to treat the order as it would any such [TRO] it might itself have entered." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988). A court may extend a TRO for "a like period" if it finds "good cause." Fed. R. Civ. P. 65(b)(2).

Upon removal, this Court treats the TRO as if it were originally entered by this Court. *Nissho-Iwai*, 845 F.2d at 1304. The Court finds good cause to extend the TRO, since removal will now cause the TRO to lapse before a preliminary injunction hearing may be held. Therefore, the Court **ORDERS** as follows:

Given the emergency nature of the relief requested by Plaintiffs and the timing of the removal of this action, the court expedites the briefing on Plaintiffs' Motion. Any response by Defendants shall be filed by **12:00 p.m.** on **October 16, 2020**. The TRO **shall** remain in full force and effect pending the Court's resolution of Plaintiffs' Motion (Doc. 3).

SO ORDERED.

SIGNED: October 13, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE