IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIERDRE LEANE and IPNAV, LLC, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:20-cv-3097-B |
| UNIFIEDONLINE, INC. and | § | |
| CHANBOND, LLC, | § | |
| | § | |
| *Defendants*. | § | |

**<u>DEFENDANTS' OBJECTIONS TO DECLARATION OF DIERDRE LEANE</u>**

Defendants UnifiedOnline, Inc. and ChanBond, LLC file these objections to the Declaration of Dierdre Leane (hereafter, "Leane declaration") submitted as part of Plaintiffs' Appendix (Dkt. #18) in support of their reply in support of their motion to extend TRO, as follows:

1.      Defendants object to Paragraph 6 of the Leane declaration in which she purports to testify regarding the knowledge and understanding of William Carter, on the ground that she lacks personal knowledge of the matters stated therein. *See* FRE 602. Defendants further object to the extent Paragraph 6 refers to written evidence not authenticated or admitted into evidence, in violation of FRE 1002.

2.      Defendants object to Paragraph 7 of the Leane declaration on the ground that the statement is speculative and purports to summarize the effect of certain agreements, the best evidence of which are the documents themselves. *See* FRE 602, 1002.

3.      Defendants object to Paragraph 8 of the Leane declaration in which Leane purports to testify regarding the knowledge and motivations of Eric Spangenberg and IP Navigation Group LLC, on the ground that she lacks personal knowledge of the matters stated therein. *See* FRE 602.

4.    Defendants object to Paragraphs 10 and 11 of the Leane declaration on the ground that it contains parol evidence that is inadmissible to alter the terms of the parties' written agreements. *See Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.,* 173 F. Supp. 3d 363, 399 (N.D. Tex. 2016), *aff'd as modified and remanded*, 725 Fed. Appx. 256 (5th Cir. 2018).

5.    Defendants object to Paragraph 12 of the Leane declaration in which she purports to testify regarding the knowledge and understanding of William Carter, on the ground that she lacks personal knowledge of the matters stated therein. *See* FRE 602. Defendants further object to the extent she purports to interpret or otherwise ascribe meaning to written evidence beyond the actual text reflected therein, in violation of FRE 1002.

6.    Defendants object to Paragraphs 13 of the Leane declaration on the ground that it contains parol evidence that is inadmissible to alter the terms of the parties' written agreements. *See Balfour Beatty,* 173 F. Supp. 3d at 399. Defendants further object to statements regarding what unnamed "witnesses" have informed Leane regarding the meaning of the ISA, as such statements are not subject to discovery or cross-examination and appear to be an attempt to introduce "expert" testimony (from undisclosed persons) on matters of law (e.g., interpretation of an inambiguous contract). *See* FRE 703, 705.

7.    Defendants object to Paragraph 14 of the Leane declaration on the ground that the statement is speculative and purports to summarize the effect of certain agreements, the best evidence of which are the documents themselves. *See* FRE 602, 1002.

8.    Defendants object to Paragraph 15 of the Leane declaration on the ground that it is conclusory and speculative (e.g., "there are likely others"). *See* FRE 602.

9.    Defendants object to Paragraph 18 of the Leane declaration on the ground that it contains hearsay not subject to any exception. In particular, Leane purports to relay a conversation

with an unnamed "executive at RPX," whose statements are not subject to verification or cross-examination. *See* FRE 802.

10.     Defendants object to Paragraph 20 of the Leane declaration in which she purports to explain the net effect and operation of various terms of various unspecified agreements, on the ground that the terms of those agreements are the best evidence of the contents thereof. *See* FRE 1002.

11.     Defendants object to Paragraph 21 of the Leane declaration in which she purports to explain the operation of various terms of the PPA, on the ground that the terms of those agreements are the best evidence of the contents thereof. *See* FRE 1002.

Date:   <u>October 26, 2020</u>                    Respectfully submitted,

<u>*/s/ Linda R. Stahl*</u>
E. Leon Carter
Texas Bar No. 03914300
lcarter@carterarnett.com
Courtney Barksdale Perez
Texas Bar No. 24061135
cperez@carterarnett.com
Linda R. Stahl
Texas Bar No. 00798525
lstahl@carterarnett.com
Scott W. Breedlove
Texas Bar No. 00790361
sbreedlove@carterarnett.com
Nathan Cox *(admission pending)*
Texas Bar No. 24105751
ncox@carterarnett.com

**CARTER ARNETT PLLC**
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
Telephone: (214) 550-8188
Facsimile: (214) 550-8185

ATTORNEYS FOR DEFENDANTS

UNIFIEDONLINE, INC. and CHANBOND, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been filed with the Clerk of Court using the Northern District of Texas CM/ECF System for filing and service on all counsel of record, in accordance with FED. R. CIV. P. 5(b)(2)(E), on October 26, 2020, as well as service by electronic mail.

**BY E-SERVICE AND/OR ELECTRONIC MAIL**

*/s/ Linda R. Stahl*
Linda R. Stahl

4