IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEIRDRE LEANE and IPNAV, LLC, | § § § | |
| Plaintiffs | § § | |
| v. | § § | Civil Action No. 3:20-cv-3097 |
| UNIFIEDONLINE, INC. and CHANBOND, LLC, | § § § | |
| Defendants. | § § | |

**DEFENDANTS UNIFIEDONLINE, INC. AND CHANBOND, LLC'S ANSWER TO PLAINTIFFS' ORIGINAL PETITION**

Defendants UnifiedOnline, Inc. ("UnifiedOnline") and ChanBond, LLC ("ChanBond") (collectively, "Defendants") file this Answer to Plaintiffs Deirdre Leane and IPNAV, LLC's ("IPNAV") (collectively, "Plaintiffs") Original Verified Petition and Ex-Parte Application for Temporary Restraining Order (the "Petition") and in support thereof would show as follows:

## I.   INTRODUCTION

1. Defendants admit that the Interest Sale Agreement contained a "Limitations on Assignment" provision, not an anti-license or anti-settlement provision. Defendants further admit ChanBond owns patents and is actively engaged in litigation enforcing those patents. Defendants deny the remaining allegations in the section titled "I. Introduction."

## II.   BASIS FOR EX-PARTE REQUEST

2. Defendants admit that at least some defendants in the Delaware patent litigation, or their representatives, have made settlement offers, which would include licenses to the patents. Defendants deny the remaining allegations in the section titled "II. Basis for Ex-Parte Request."

### III. NOTIFICATION OF COMPANION ARBITRATION FILING

3. The statements in paragraph 1 contain no factual allegations, and as such they can neither be admitted nor denied. To the extent such statements are considered factual allegations, Defendants admit Plaintiffs did file an arbitration demand with the American Arbitration Association. Defendants deny the remaining allegations in paragraph 1.

### IV. DISCOVERY PLAN AND RULE 47 COMPLIANCE

4. The allegations in paragraph 2 contain no factual allegations, and as such they can neither be admitted nor denied.

### V. PARTIES

5. Defendants do not have information sufficient to admit or deny the allegations in paragraph 3, and therefore they are denied.

6. Defendants do not have information sufficient to admit or deny the allegations in paragraph 4, and therefore they are denied.

7. Defendants admit the allegations contained in paragraph 5.

8. Defendants admit the allegations contained in paragraph 6.

### VI. JURISDICTION AND VENUE

9. Defendants admit that, prior to removal of this action, the 298th District Court of Dallas County had jurisdiction over both Defendants.

10. Defendants admit that, prior to removal of this action, Dallas County was a proper venue.

### VII. BACKGROUND

11. Defendants are without sufficient information to admit or deny the allegations in paragraph 9, and therefore they are denied.

12. Defendants admit that IP Navigation Group, LLC was in the business of providing patent monetization consulting services to patent owner clients, but is without sufficient information to admit or deny the remaining allegations in paragraph 10, and therefore they are denied.

13. Defendants deny that IPNav was to provide patent monetization consulting to ChanBond for 22% of the gross proceeds recovered on the ChanBond Patents. The remaining allegations in paragraph 11 are admitted.

14. Defendants admit the ChanBond Litigations are approximately five years old and currently pending in the U.S. District Court for the District of Delaware. The remaining allegations in paragraph 12 are denied.

15. Defendants admit the ChanBond Litigations are trial ready. The remaining allegations in paragraph 13 are denied.

16. Defendants admit the allegations in paragraph 14.

17. Defendants admit the allegations in paragraph 15.

18. Defendants admit the allegations in paragraph 16.

19. Defendants deny the allegations in paragraph 17.

20. Defendants admit that Bentham, Mischon, and CBV had interests in recoveries from the ChanBond Patents. The remaining allegations in paragraph 18 are denied.

21. Defendants are without sufficient information to admit or deny the allegations regarding Leane's state of mind in paragraph 19, and therefore they are denied. The remaining allegations in paragraph 19 are denied.

22. Defendants admit the allegations in paragraph 20.

23. Defendants deny the allegations in paragraph 21.

24. Defendants deny the allegations in paragraph 22.

25. Defendants are without sufficient information to admit or deny the allegations in paragraph 23, and therefore they are denied.

26. Defendants are without sufficient information to admit or deny the allegations in paragraph 24, and therefore they are denied.

27. Defendants admit the allegations in paragraph 25.

28. Defendants deny the allegations in paragraph 26.

29. Defendants are without sufficient information to admit or deny the allegations in paragraph 27, and therefore they are denied.

30. Defendants are without sufficient information to admit or deny the allegations in paragraph 28, and therefore they are denied.

31. Defendants deny the allegations in paragraph 29.

32. Defendants admit the allegations in paragraph 30.

33. Defendants admit counsel for Plaintiffs sent a letter on August 29, 2020, asserting, for the first time, the ISA barred ChanBond from settling the ChanBond Litigations if a license to the patents was part of the settlement. Defendants deny the allegation that the ISA contains an anti-license provision and all remaining allegations in paragraph 31.

34. Defendants admit the allegations in paragraph 32.

35. Defendants deny that settlement of the ChanBond Litigations without Leane's consent would breach Section 8.3 of the ISA. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 33, and therefore they are denied.

## VIII.  SOLE CAUSE OF ACTION

Defendants re-allege and incorporate all previous admissions and denials as set forth in paragraphs 1-35.

36. The statements in paragraph 34 contain no factual allegations, and as such they can neither be admitted or denied.

37. Defendants admit the ISA is a valid and enforceable contract. The remaining allegations in paragraph 35 are denied.

38. The statements in paragraph 36 contain no factual allegations, and as such they can neither be admitted or denied.

39. Defendants deny the allegations in paragraph 37.

40. Defendants deny the allegations in paragraph 38.

41. Defendants deny the allegations in paragraph 39.

42. Defendants deny the allegations in paragraph 40.

43. Defendants deny the allegations in paragraph 41.

44. Defendants admit the allegations in paragraph 42.

45. Defendants deny the allegations in paragraph 43.

46. Defendants deny the allegations in paragraph 44.

47. Defendants deny the allegations in paragraph 45.

48. Defendants deny the allegations in paragraph 46.

49. Defendants deny the allegations in paragraph 47.

50. Defendants deny the allegations in paragraph 48.

51. The statements in paragraph 49 contain no factual allegations, and as such they can neither be admitted or denied.

### IX. CONDITIONS PRECEDENT

52. Defendants deny the allegations in paragraph 50.

### X. ANSWER TO REQUEST FOR RELIEF

53. To the extent any response is required to Plaintiffs' Request for Relief, Defendants deny that Plaintiffs are entitled to any of the relief requested. Plaintiffs' request should, therefore, be denied in its entirety with prejudice, and Plaintiffs should take nothing from Defendants.

### XI. DEFENSES AND AFFIRMATIVE DEFENSES

Defendants re-allege and incorporate all previous admissions and denials as set forth in Paragraphs 1-53 above.

Defendants state their defenses and affirmative defenses as set forth below, and expressly reserve the right to amend their Answer to include additional defenses that may be revealed through investigation and discovery.

1. Defendants affirmatively plead that Plaintiffs' claims are barred, in whole or in part by the doctrine of waiver and/or quasi-estoppel.

2. Defendants affirmatively plead that Plaintiffs' claims are barred, in whole or in part, by their prior material breach.

3. Defendants affirmatively plead that Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

4. Defendants affirmatively plead that Plaintiffs' claims are barred, in whole or in part, by laches.

### IX. REQUEST FOR RELIEF

Defendants respectfully request that Plaintiffs take nothing for their claims asserted, that all claims against Defendants be dismissed with prejudice; that the reasonable costs incurred in

responding to the action be awarded to Defendants; and any and all other relief as the Court may deem just, equitable, and proper.

Date:  November 2, 2020                     Respectfully submitted,

                                                        /s/ Linda R. Stahl
E. Leon Carter
Texas Bar No. 03914300
lcarter@carterarnett.com
Courtney Barksdale Perez
Texas Bar No. 24061135
cperez@carterarnett.com
Linda R. Stahl
Texas Bar No. 00798525
lstahl@carterarnett.com
Scott W. Breedlove
Texas Bar No. 00790361
sbreedlove@carterarnett.com
Nathan Cox *(admission pending)*
Texas Bar No. 24105751
ncox@carterarnett.com

**CARTER ARNETT PLLC**
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
Telephone: (214) 550-8188
Facsimile: (214) 550-8185

ATTORNEYS FOR DEFENDANTS
UNIFIEDONLINE, INC. and CHANBOND, LLC

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been filed with the Clerk of Court using the Northern District of Texas CM/ECF System for filing and service on all counsel of record, in accordance with FED. R. CIV. P. 5(b)(2)(E), on November 2, 2020, as well as service by electronic mail.

**BY E-SERVICE AND/OR ELECTRONIC MAIL**

                */s/ Linda R. Stahl*
                Linda R. Stahl